**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| MAUREEN KWIECIEN, et al., | ) | |
| | ) | Court File No. 01-CV-494-MJD/JGL |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Now on this 24th day of Sept., 2001, upon Joint Motion of the parties and for good cause shown, and pursuant to Fed. R. Civ. P. 26(c), the Court hereby enters the following Protective Order:

1. The parties have agreed that certain documents and information produced or disclosed during this litigation should be treated as confidential. Such information subject to confidential treatment includes documents and other data compilations, interrogatory answers, and deposition transcripts as they relate to the following subject matters:

A. personnel information concerning Plaintiffs and other current or former employees of Ford Motor Company;

B. Ford Motor Company manuals, policies or procedures not generally provided to the public;

C. medical information concerning any party;

FILED SEP 25 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

D. financial information concerning any party; and

E. personal records produced by the parties.

2. The parties agree that such confidential information as described in paragraph 1 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

3. Any and all documents produced by a party in response to another party's request for production shall be considered confidential and given the appropriate protection from disclosure under the terms of this order.

4. Any confidential documents and the information contained therein shall be disclosed only to the parties, counsel of record, counsel's staff personnel on a need-to-know basis, and any witnesses in the case (including experts) as may from time to time reasonably be necessary in the prosecution or defense of this action. Counsel shall advise all persons to whom confidential materials are disclosed pursuant to this Order of the existence of this Order, shall provide all persons not employed by counsel with a copy of this Order, and shall require the execution of the affidavit attached as Exhibit A, prior to the disclosure of confidential information. Counsel shall not otherwise offer or permit disclosure of any confidential document, its contents, or any portion or summary thereof. Disputes concerning the confidential nature of such materials shall be resolved by the Court prior to dissemination.

5. Persons having knowledge of confidential documents and information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and shall not disclose such confidential documents, their contents or any portion or summary thereof to any person or persons not involved in the conduct of the litigation.

6. If any person having access to the confidential documents herein shall violate this Order, he/she shall be subject to sanctions by the Court.

7. In the event that documents or portions of transcripts designated as confidential are deposited with the clerk of the Court, they shall be filed in an envelope bearing the following designation when deposited:

<u>CONFIDENTIAL</u>

IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE, TO PERSONS ASSISTING THOSE ATTORNEYS OR TO COURT PERSONNEL.

8. This Order, insofar as it restricts the communication and use of confidential documents and information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within ninety days of final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, all documents produced in this litigation or otherwise designated as confidential, and all copies or summaries thereof, shall be returned to the party which produced such materials.

9. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial including any document previously produced as a confidential document herein, or oppose the production or admissibility of any information or documents which have been requested.

10. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms as the scope of discovery dictates.

IT IS SO ORDERED.

Dated: Sept. 24, 2001 ______________________

U.S. Magistrate Judge

APPROVED AS TO FORM AND CONTENT:

______________________

Attorney for Plaintiffs

______________________

Attorney for Defendant Ford Motor Company

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| MAUREEN C. KWIECIEN, et al., Plaintiffs, | ) | Court File No. 01-CV-494-MJD/JGL |
| v. | ) | **AFFIDAVIT OF** ________________ |
| FORD MOTOR COMPANY, Defendant. | ) | |

STATE OF ______________ )
)
COUNTY OF ______________ )

1. My name is ______________. I reside at ______________________ ______________________.

2. I am aware that a Stipulated Protective Order has been entered in *Maureen Kwiecien, et al. v. Ford Motor Company*, Court File No. 01-CV-494-MJD/JGL, pending in the United States District Court for the District of Minnesota, and a copy thereof has been given to me.

3. I acknowledge that documents and information designated as confidential pursuant to such Stipulated Protective Order are being disclosed to me only upon the condition that I agree to be subject to that Order. I hereby agree to abide by and be bound by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order.

4. I promise that the documents and information given confidential treatment under the Stipulated Protective Order entered in this case will be used by me *only* in connection with assisting counsel for the parties in preparing for litigation of the above-captioned matters. I understand that any use of such confidential information in any manner contrary to the provisions of the Stipulated Protective Order will subject me to the sanctions of this Court for contempt.

5. I promise that I will not disclose or discuss such confidential documents or information with any person other than the parties, and counsel for the parties or members of their staff.

FURTHER AFFIANT SAYETH NOT.

____________________________________
Signature of Affiant

____________________________________
Affiant's Printed Name

On this _____ day of ____________________, 20__, before me, a Notary Public in and for said State, personally appeared ____________________________, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he/she executed the same as his/her free act and deed and for the purposes therein stated.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal on the day and year first above written in the County and State aforesaid.

____________________________________
[SEAL] Signature of Notary Public

____________________________________
Printed Name of Notary Public

My Commission Expires:

________________________

County of Residence:

________________________